UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JIMMING LIANG,                                              :

            Plaintiff,                            :        REPORT & RECOMMENDATION

  -v.-                                                      :
                                                                   12 Civ. 5077 (PAC) (GWG)
LUCKY PLAZA RESTAURANT,                                     :

            Defendant.                            :
------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

I.      BACKGROUND

      David M. Lira filed a notice of appearance in this case on December 4, 2012.  See Notice of Appearance, dated Dec. 4, 2012 (Docket # 7).  On January 29, 2013, the Court received a letter from Mr. Lira describing the difficulty he had been experiencing in reaching his client, plaintiff Jimming Liang.  Mr. Lira explained that "[n]ot only has no one associated with this firm had any success [in contacting Mr. Liang], it appears that Mr. Liang has steadfastly refused to respond to any of our efforts to communicate."  See Letter from David M. Lira to the Honorable Paul A. Crotty, dated Jan. 29, 2013.

      On February 6, 2013, this Court issued an order granting Mr. Lira leave to file a motion to withdraw as counsel to Mr. Liang.  See Order, filed Feb. 7, 2013 (Docket # 13) ("Feb. 6 Order").  Additionally, the Feb. 6 Order instructed Mr. Lira to file an affidavit describing his efforts to contact Mr. Liang.  It also required Mr. Lira to attempt to confirm by telephone that Mr. Liang received Mr. Lira's motion papers and to inform the Court of the results of this attempt.  The Order instructed Mr. Liang to file any objection to Mr. Lira's motion by March 7, 2013, and to contact the Court by that date to confirm his receipt of the motion papers and to

1

provide the Court with his contact information.

As instructed, Mr. Lira has provided affidavits detailing his office's efforts to contact Mr. Liang.  See Attorney Declaration in Support of Motion, dated Feb. 21, 2013 (Docket # 18) ("Lira Aff."); Affidavit of Summer Jung, dated Feb. 14, 2013 (annexed as Ex. A to Lira Aff.).  These affidavits reflect that Mr. Lira's office last had a conversation with Mr. Liang on December 20, 2012.  Since that time, the affidavits show that Mr. Lira's office has called Mr. Liang on seven occasions, that Mr. Liang did not answer the phone on a number of occasions, that Mr. Liang did not respond to a voicemail message, and that Mr. Liang told Mr. Lira's paralegal "not to call him again."  See Affidavit of Summer Jung.  Mr. Lira's affidavit states that Mr. Liang has "ceased communicating" with him and has refused to cooperate with Mr. Lira's efforts to prosecute this case.  Lira Aff. at 1.  Mr. Liang has not filed an opposition to Mr. Lira's motion or communicated with Mr. Lira since December 20, 2012.  Affidavit of Summer Jung.  Nor has Mr. Liang contacted this Court as required by the February 6 Order.

II.     MOTION TO WITHDRAW

Under Local Civil Rule 1.4,

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order.  Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien.  All applications to withdraw must be served upon the client and (unless excused by the Court) upon all other parties.

A client's failure to cooperate with his attorney constitutes a "satisfactory reason" for the attorney's withdrawal.  See, e.g., In re Fosamax Prods. Liab. Litig., 2012 WL 2122166, at *1–2 (S.D.N.Y. June 12, 2012) ( plaintiff's "extended failure to cooperate with [his] attorneys' attempts to prosecute [his case] creates a prima facie case for withdrawal under Local Civil Rule

1.4") (citing cases); accord Fischer v. Biman Bangladesh Airlines, 1997 WL 411446, at *1 (S.D.N.Y. July 18, 1997) ("[L]ack of cooperation by a client with its counsel, including lack of communication, is a sufficient reason for allowing withdrawal").

Here, Mr. Lira has demonstrated that Mr. Liang has failed to cooperate in the prosecution of his case since December 2012. Accordingly, the motion to withdraw (Docket # 17) is being granted by a separate order filed herewith.

III.     DISMISSAL FOR FAILURE TO PROSECUTE

As noted, neither the Court nor Mr. Lira has heard from Mr. Liang since December 20, 2012. See Affidavit of Summer Jung. This Court's February 6 Order warned Mr. Liang that "if he fails to telephone or write the Court as required by this Order, . . . this case may be dismissed for failure to prosecute under Rule 41 of the Federal Rules of Civil Procedure." The February 6 Order was sent to Mr. Liang's last known address. See Certification of Service, dated Feb. 21, 2013 (Docket # 18-3).

Federal Rule of Civil Procedure 41(b) provides, in relevant part, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." While the text of Rule 41(b) addresses only the situation in which a defendant moves for dismissal, "it is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case sua sponte for failure to prosecute." LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001) (citing Link v. Wabash R.R. Co., 370 U.S. 626, 630–31 ("The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.")), reh'g denied, 371 U.S. 873 (1962). Unless the court

specifies otherwise, Rule 41(b) provides that dismissal "operates as an adjudication on the merits."

While appellate courts apply a number of factors in evaluating the propriety of a dismissal for failure to prosecute, see Martens v. Thomann, 273 F.3d 159, 180 (2d Cir. 2001), a district court is not required to discuss these factors in dismissing a case as long as an explanation is given for the dismissal, see id.; Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996). Here, it is sufficient to say that this case cannot proceed without Liang's participation, and he has refused to cooperate in his attorney's prosecution of this case. Accordingly, the case should be dismissed for failure to prosecute.

IV.  CONCLUSION

For the foregoing reasons, this case should be dismissed without prejudice.

**PROCEDURE FOR FILING OBJECTIONS TO THIS
REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days including weekends and holidays from service of this Report and Recommendation to serve and file any objections. See also Fed. R. Civ. P. 6(a), (b), (d). Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with copies sent to the Hon. Paul A. Crotty, and to the undersigned, at 500 Pearl Street, New York, New York 10007. Any request for an extension of time to file objections must be directed to Judge Crotty. If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal. See Thomas v. Arn, 474 U.S. 140 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010).

Dated: March 21, 2013
      New York, New York

                                               GABRIEL W. GORENSTEIN
                                               United States Magistrate Judge

Copies to:

Jimming Liang
94-30 57th Avenue
Elmhurst, NY 11373

Counsel by ECF